# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM SMITH, *et al.*, | Case No. 2:15-cv-01038-RFB-CWH |
| Plaintiffs, | |
| vs. | **ORDER** |
| ANNISHIA TAYLOR, *et al.*, | |
| Defendants. | |

## BACKGROUND

On June 10, 2015, this Court entered an order denying Plaintiff William Smith's ("Plaintiff") application to proceed in forma pauperis because Plaintiff submitted the wrong form for his application. See Doc. # 2. In its order, the Court gave Plaintiff an opportunity to submit an amended application, with Plaintiff subsequently filing his renewed motion on June 22, 2015. See id.; Doc. # 3. On July 1, 2015, the Court again denied Plaintiff's application because Plaintiff failed to provide sufficient information for this Court's review. See Doc. # 4. Given such, the Court directed Plaintiff to submit supplementary information or to pay the $400.00 filing fee no later than July 17, 2015. Id. Plaintiff was expressly warned that failure to comply with the Court's order would result in a recommendation that this case be dismissed. Id. As it stands, the deadline for submitting supplementary information or paying the filing fee has passed, with Plaintiff failing to take any action in this case since June 22, 2015. See Doc. # 3.

## DISCUSSION

The broad, underlying purpose of the Federal Rules of Civil Procedure ("FRCP") is to "secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed.R.Civ.P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions

against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Rule 16 of the FRCP is a central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." In re Phynylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." Id. Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order." Fed.R.Civ.P.16(f). Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) includes dismissal. See Fed.R.Civ.P.37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failure to comply with a court order: (1) public interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to a defendant; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. Phynylpropanolamine, 460 F.3d at 1226. "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." Id. (citing Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. Id. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." Id. (internal citations and quotations omitted).

**1.    Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. Phynylpropanolamine, 460 F.3d at 1227. "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." Id. Here, Plaintiff failed to comply with this Court's order to submit supplemental information or to pay the filing

1 fee. This Court has been patient in allowing Plaintiff more than sufficient time to submit the materials
2 requested or to pay the filing fee so he can proceed in this litigation. However, Plaintiff has taken no action
3 in this case since June 22, 2015. This failure is inconsistent with Rule 1's directive to "secure a just,
4 speedy, and inexpensive" determination of this action. As such, this factor weighs in favor of dismissal.

### 2. Court's Need to Manage Its Docket

It has long been recognized that a district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir 1986). The U.S. Supreme Court has held that the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Here, Plaintiff had every opportunity to proceed in this action but failed to do so. Plaintiff's absence, failure to provide supplemental information, and failure to pay the filing fee have made it impossible for this case to move forward and for the Court to effectively manage its docket. As such, this factor weighs in favor of dismissal.

### 3. Risk of Prejudice to Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990). Here, Plaintiff's absence, failure to provide supplemental information, failure to pay the filing fee, and failure to file a complaint setting forth valid claims are prejudicial. As such, this factor also weighs in favor of dismissal.

### 4. Disposition of Cases on Merits

The public policy favoring disposition of cases on the merits counsels against dismissal of a case. Phynylpropanolamine, 460 F.3d at 1228. Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." Id. Because Plaintiff is responsible for moving this case forward, his failure to do so has caused delay and thwarted progress, thereby supporting dismissal of the instant case.

//

**5.     Less Drastic Sanctions**

A court must consider the adequacy of less drastic sanctions before imposing dismissal. Malone, 833 F.2d at 131. Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. Id. at 132. Here, Plaintiff had over three months to provide supplemental information or to pay the filing fee and prosecute his case. However, Plaintiff failed to do so despite having been provided with the opportunity to proceed with this litigation. Additionally, Plaintiff chose not to comply with this Court's order. Based on these failures, the Court can only surmise that Plaintiff has abandoned his claims and has no intention of moving this case forward. As such, this factor weighs in favor of dismissal of the instant case.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that this case be **dismissed without prejudice**.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 30, 2015

_____
C.W. Hoffman, Jr.
United States Magistrate Judge